# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-094 (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Danny Francisco Copeland, | |
| Defendant. | |

---

This matter comes before the Court on Defendant Danny Francisco Copeland's Motion for Extension of Time to File Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 20. Defendant also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act ("Statement of Facts"), ECF No. 21.

Defendant requests a 60-day extension of all deadlines set forth in the Court's Arraignment Order, ECF No. 15. Defendant provides several reasons justifying an extension. First, Defendant explains that this case involves voluminous discovery of financial records and applications for government subsidies. ECF No. 20 at 1. Second, Defendant explains the Government has not yet disclosed information to Defendant. *Id.* Third, the parties are in the process of discussing the possibility of a protective order. *Id.* And lastly, Defendant states that all parties agree that an extension is needed to give Defendant enough time to properly review discovery and to give the parties a chance to explore a resolution of this matter. *Id.* at 2. Further, in his Statement of Facts, Defendant requests that the time between now and December 10, 2023 (the deadline for the

1

Government's disclosures) be excluded from computation under the Speedy Trial Act. ECF No. 21 at 1.

Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. While Defendant requests that the period from the date of this Order up through the deadline for the Government's disclosures be excluded from the Speedy Trial Act, Defendant is ultimately seeking an extension of the time to file motions. *See* 18 U.S.C. § 3161(h)(7)(A). Accordingly, under the circumstances, the Court finds it appropriate to exclude time up to the new motions filing deadline, namely, January 4, 2024. Therefore, Defendant's motion is granted in part and denied in part.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Extension of Time to File Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

2. The period of time from **the date of this Order through January 4, 2024**, shall be excluded from Speedy Trial Act computations in this case.

3. The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **December 10, 2023**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make,

by **December 10, 2023**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **December 16, 2023**. D. Minn. LR 12.1(a)(2).

5. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

6. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 4, 2024.** D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.

7. **Counsel shall electronically file a letter on or before January 4, 2024, if no motions will be filed and there is no need for a hearing.**

8. All responses to motions shall be filed by **January 11, 2024**. D. Minn. LR 12.1(c)(2).

9. Any Notice of Intent to Call Witnesses shall be filed by **January 11, 2024**. D. Minn. LR 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses shall be filed by **January 15, 2024**.  D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal

Procedure 12(c) where:

    a.    The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b.    Oral argument is requested by either party in its motion, objection or response pleadings.

12.    If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **January 25, 2024 at 10:00 a.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

13.    **TRIAL:**

    a.    **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions and jury instructions and trial related motions (including motions in limine) must be submitted to District Judge Joan N. Ericksen on or before *a date to be determined*.

This case must commence trial on *a date to be determined* before District Judge Joan N. Ericksen in Courtroom 12W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

    b.    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Ericksen to confirm the new trial date.**

Dated: October __23__, 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Copeland*
Case No. 23-cr-094 (JNE/TNL)