# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                                    Case No. 23-cr-94 (JNE/TNL)

              Plaintiff,

v.                                                                              **ORDER**

Danny Francisco Copeland,

              Defendant.

---

Allison Kim Ethen, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Robert M. Lewis, Assistant United States Attorney, 316 North Robert Street, Suite 404, St. Paul, MN 55101 (for the Government); and

Andrew S. Garvis, Koch & Garvis, 3109 Hennepin Avenue South, Minneapolis, MN 55408; and Peter S. Johnson, Johnson Erickson Law, PLLC, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Danny Francisco Copeland's *Giglio* Motion, ECF No. 40; Motion for Early Production of Jencks Act Materials, ECF No. 41; Motion to Preserve Rough Notes, ECF No. 42; and Motion to Produce Rule 404(b) Evidence, ECF No. 43, as well as the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 45. A hearing was scheduled for February 26, 2024. ECF No. 38 at 3. Based on e-mail correspondence between counsel and the Court and the parties' subsequent joint letter, the parties waived oral argument and the Court took the motions under advisement on the papers. *See generally* ECF Nos. 46, 47.

1

Based upon the record, memoranda, and joint letter, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's *Giglio* Motion, ECF No. 40, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant moves for an order compelling the Government to disclose evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  The Government states that it "has complied and will continue to comply with its *Brady/Giglio* obligations" and "objects to the motion to the extent that it exceeds the scope of . . . [those] obligations."  Gov't Resp. at 1, ECF No. 44.

"[T]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see also* Fed. R. Crim. P. 5(f).  "Under *Brady* and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence."  *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016); *accord United States v. Wright*, 866 F.3d 899, 908 (8th Cir. 2017); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).  "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"  *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at

722; *see United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023).  "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials.  *See United States v. Mazzulla*, 932 F.3d 1091, 1100 (8th Cir. 2019).  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  To the extent Defendant seeks discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, his motion is denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

2.     Defendant's Motion for Early Production of Jencks Act Materials, ECF No. 41, is **DENIED**.  Defendant requests that the Government disclose Jencks Act materials

"at least one week prior to the commencement of trial."  ECF No. 41 at 1.  The Government objects to any order requiring early disclosure of Jencks Act materials, but commits to "work[ing] with the defense to facilitate a possible reciprocal agreement for disclosure of witness statements and other Jencks-type material."  Gov't Resp. at 2.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b).  "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  Defendant's request for early disclosure of Jencks Act materials is therefore denied.

3.     Defendant's Motion to Preserve Rough Notes, ECF No. 42, is **GRANTED**.  Defendant seeks "an [o]rder directing any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records."  ECF No. 42 at 1.  The Government "does not object to retention of rough notes but does object to production of such notes."  Gov't Resp. at 4.  Defendant's request for the retention and preservation of all rough notes is granted.  To the extent it

has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

4.    Defendant's Motion to Produce 404(b) Evidence, ECF No. 43, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant moves for "an [o]rder directing the [G]overnment to immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b), and further directing the [G]overnment to identify the witnesses through whom such evidence will be presented at trial."  ECF No. 43 at 1.  The Government states that it "is aware of its obligations under Federal Rule of Evidence 404(b) and intends to comply fully with such obligations."  Gov't Resp. at 4.  The Government objects to Defendant's request for immediate disclosure and proposes that disclosure take place 21 days before trial.  In the parties' subsequent joint letter, the Government's proposal was agreeable to Defendant.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).  Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is

currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than 21 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

5.    The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure, 16(b), 12.1. 12.2, 12.3 and 26.2, ECF No. 45, is **GRANTED IN**

**PART** and **DENIED IN PART**.[1]  The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  Defendant voiced no objection to the Government's discovery requests.

The Court previously set the deadline for principal expert disclosures at 28 days before trial and 14 days before trial for rebuttal experts.  *See, e.g.*, ECF Nos. 15 at 2, 22 at 3.  In its motion, the Government proposed expert disclosures at 30 days before trial for principal experts and 10 days before trial for rebuttal experts.  In the parties' subsequent joint letter, the parties were in agreement regarding the deadlines previously set by the Court.

Consistent with the Court's prior orders, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

6.      All prior consistent orders remain in full force and effect.

[Continued on next page.]

---

[1] The deadline for filing pretrial motions was February 5, 2024.  ECF No. 38 at 2.  The Government's motion was filed on February 16, 2024.  *See generally* ECF No. 45.  In the parties' joint letter, Defendant had no objection to the timeliness of the Government's motion.

7.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March_____22___, 2024                    _____*s/ Tony N. Leung*_____
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota


                                               *United States v. Copeland*
                                               Case No. 23-cr-94 (JNE/TNL)